1   John B. Sganga, Jr. (SBN 116,211); john.sganga@kmob.com
2   Steven J. Nataupsky (SBN 155,913); steven.nataupsky@kmob.com
    Lynda J. Zadra-Symes (SBN 156,511); lynda.zadra-symes@kmob.com
3   Joseph S. Cianfrani (SBN 196,186); joe.cianfrani@kmob.com
    Matthew S. Bellinger (SBN 222,228); matt.bellinger@kmob.com
4   KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street, Fourteenth Floor
5   Irvine, CA  92614
    T: (949) 760-0404; F: (949) 760-9502
6
    Attorneys for Plaintiff,
7   HANSEN BEVERAGE COMPANY

8   Andrew J. Thomas (SBN 159,533); ajthomas@jenner.com
    Farnaz Alemi (SBN 255,836); falemi@jenner.com
9   JENNER & BLOCK LLP
    633 West 5th Street, Suite 3500
10  Los Angeles, CA 90071-2054
    T:  (213) 239-5100; F:  (213) 239-5199
11
    Gianni P. Servodidio (*Pro Hac Vice*); gps@jenner.com
12  JENNER & BLOCK LLP
    919 Third Avenue, 37th Floor
13  New York, NY 10022
    T:  (212) 891-1600; F:  (212) 891-1699
14
    Attorneys for Defendant,
15  KO BEVERAGES LLC

16              IN THE UNITED STATES DISTRICT COURT

17          FOR THE CENTRAL DISTRICT OF CAIFORNIA

18                      SOUTHERN DIVISION

19
    HANSEN BEVERAGE COMPANY, a          )   Civil Action No.
20  Delaware corporation, d/b/a MONSTER )   10cv3955 MMM (Ex)
    BEVERAGE COMPANY,                   )
21                                      )   [~~PROPOSED~~] STIPULATED
           Plaintiff,                   )   PROTECTIVE ORDER
22                                      )
         v.                             )
23                                      )   Honorable Charles F. Eick
    KO BEVERAGES LLC, an Arizona        )
24  corporation,                        )
                                        )
25         Defendant.                   )
                                        )
26                                      )
                                        )
27  ──────────────────────────────────  )

28

1    Plaintiff Hansen Beverage Company ("Hansen") and Defendant KO
2  Beverages LLC, recognizing that each may have confidential business,
3  financial, and/or trade secret information relevant to the subject matter of this
4  lawsuit that would otherwise be subject to discovery, have agreed to this
5  Protective Order on the terms set forth below. It appearing to the Court that the
6  parties have agreed to the terms of an appropriate Protective Order to govern
7  discovery proceedings in this action, and for good cause shown,

8    IT IS HEREBY ORDERED that:

9    1.    This Order shall apply to all information produced during
10  discovery in this action that shall be designated by the party or person producing
11  it as "Confidential" or "Confidential-Attorneys Eyes Only" (collectively
12  "Confidential Information"). This Order shall not apply to information that,
13  before disclosure, is properly in the possession or knowledge of the party to
14  whom such disclosure is made, or is public knowledge. The restrictions
15  contained in this Order shall not apply to information that is, or after disclosure
16  becomes, public knowledge other than by an act or omission of the party to
17  whom such disclosure is made, or that is legitimately acquired from a source not
18  subject to this Order.

19    2.    If an exhibit, pleading, interrogatory answer, or admission
20  (collectively "discovery response"), document or thing (collectively "document
21  or thing"), or a deposition transcript, other transcript of testimony, or declaration
22  or affidavit (collectively "testimony") contains information considered
23  confidential by a party, such exhibit, pleading, discovery response, document or
24  thing, or testimony shall be designated "Confidential" or "Confidential-
25  Attorneys Eyes Only" by the party contending there is confidential information
26  therein, by affixing a legend to the relevant pages or as otherwise set forth
27  below.

28    3.    In connection with an exhibit, pleading, discovery response,

1897830.2

1    document or thing, testimony or other court submission, the legend
2    "Confidential" or "Confidential-Attorneys Eyes Only" (in such a manner as will
3    not interfere with the legibility thereof) shall be affixed before the production or
4    service upon a party.

5        4.    As a general guideline, a document should be designated
6    "Confidential" when it contains confidential business, technical or other
7    information that may be reviewed by the receiving party, the parties' experts,
8    and other representatives, but must be protected against disclosure to third
9    parties.   A document may be designated "Confidential-Attorneys Eyes Only"
10   only when it contains the following highly sensitive information: financial
11   information; cost information; pricing information; sales information; customer,
12   license, supplier, and vendor information; technical and development
13   information about a party's products; comparative product test results; business
14   plans; marketing strategies; new product plans and competitive strategies; or
15   any other information that would put the producing party at a competitive
16   disadvantage if the information became known to employees of the receiving
17   party or third parties.

18       5.    All Confidential Information (*i.e.*, "Confidential" or "Confidential-
19   Attorneys Eyes Only" information) that has been obtained from a party during
20   the course of this proceeding shall be used only for the purpose of this litigation
21   and not for any other business, proceeding, litigation, or other purpose
22   whatsoever.  Further, such information may not be disclosed to anyone except
23   as provided in this Order.  Counsel for a party may give advice and opinions to
24   their client based on evaluation of information designated as Confidential
25   Information produced by the other party.   For information designated
26   "Confidential-Attorneys Eyes Only," such rendering of advice and opinions
27   shall not reveal the content of such information except by prior agreement with
28   opposing counsel.

1897830.2

6.     All documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorneys Eyes Only" only if labeled or marked in conformity with paragraph 2, with access and dissemination limited as set forth in paragraphs 11-12.

7.     Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of the testimony or deposition and shall be subject to the provisions of this Order. Information disclosed during a deposition or other testimony also may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" by notifying the other party, in writing, within twenty-one (21) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential-Attorneys Eyes Only" for a period of twenty-one (21) days after their receipt, and during that time period the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 12 to review documents or materials designated "Confidential-Attorneys Eyes Only" on behalf of that non-designating party.

8.     All exhibits, pleadings, discovery responses, documents or things, testimony or other submissions, filed with the Court pursuant to this action that have been designated "Confidential" or "Confidential-Attorneys Eyes Only," by any party, or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such information designated as Confidential Information, shall be marked with the legend "Confidential" or "Confidential-Attorneys Eyes Only" and shall be filed pursuant to and in compliance with L.R. 79-5.1. If a

1897830.2

filing under seal is requested, a written application and proposed order shall be presented along with the document for filing under seal. The original and Judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. The application shall request that the Court return the underlying document and the sealed application without filing to the extent the Judge denies the application to file under seal. The party seeking to seal documents must demonstrate for each document or category of documents sufficient grounds to warrant placing the documents under seal.

9.   As used in this Protective Order, "Trial Counsel" refers exclusively to the counsel of record in this litigation and their paralegals, agents, and support staff, or such additional attorneys as may be ordered by the Court, or subsequently may be agreed upon by the parties, such agreement not to be unreasonably withheld.

10.   As used in this Protective Order, "independent experts or consultants" refers exclusively to a person, who has not been and is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

11.   Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below:

(a)   a party, or an officer, director, or designated employee of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

(b)   independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution,

-4-

1897830.2

1  defense, or settlement of this action, provided that each such person shall

2  execute a copy of the Certification attached to this Order before being shown or

3  given any information.  Copies of all Certifications shall be retained by counsel

4  for the party so disclosing the information designated "Confidential" and made

5  available for inspection upon request by opposing counsel during the pendency

6  of the action or within thirty days (30) following the conclusion of this

7  litigation;

8          (c)    court reporter(s) employed in this action;

9          (d)    agents of Trial Counsel needed to perform various services

10  such as, for example, copying, drafting of exhibits, and support and

11  management services, including vendors retained by the parties, or by counsel

12  for parties, for the purpose of encoding, loading into a computer and storing and

13  maintaining for information control and retrieval purposes, transcripts of

14  depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys'

15  work product, all of which may contain material designated Confidential;

16          (e)    witnesses in any deposition or other proceeding of this

17  action, provided the witness shall sign a copy of the Certification prior to being

18  shown another party's confidential document.    Information designated

19  "Confidential" may be disclosed to a witness who will not sign the Certification

20  only in a deposition at which the party who designated the information is

21  represented or has been given notice that information produced by the party may

22  be used.  At the request of any party, the portion of the deposition transcript

23  involving such information shall be designated "Confidential" pursuant to

24  paragraph 7 above.  Witnesses shown information designated "Confidential"

25  shall not be allowed to retain copies;

26          (f)    any authors or known recipients of the information

27  designated "Confidential";

28          (g)    any other persons as to whom the parties in writing agree.

1897830.2

12. Any persons receiving information designed "Confidential" shall not reveal or discuss such information with any person who is not entitled to receive such information, except as set forth in this Stipulated Protective Order.

13. Material designated as "Confidential-Attorneys Eyes Only" that has been obtained from Hansen or KO Beverages during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below:

(a) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action, provided that each such person shall execute a copy of the Certification attached to this Order before being shown or given any information. Copies of all Certifications shall be retained by counsel for the party so disclosing the information designated "Confidential-Attorneys Eyes Only" and made available for inspection upon request by opposing counsel during the pendency of the action or within thirty days (30) following the conclusion of this litigation;

(b) authors and recipients of any material bearing a "Confidential-Attorneys Eyes Only" legend;

(c) court reporter(s) employed in this action;

(d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential-Attorney Eyes Only;

(e) witnesses in any deposition or other proceeding in this action

-6-

1897830.2

1   who are the author or recipient of the "Confidential-Attorney Eyes Only"

2   material, or who, based on evidence, have seen the material in the past, provided

3   the witness shall sign a copy of the Certification prior to being shown another

4   party's confidential document.  Information designated "Confidential-Attorney

5   Eyes Only" may be disclosed to a witness who will not sign the Certification

6   only in a deposition at which the party who designated the information is

7   represented or has been given notice that information produced by the party may

8   be used.  At the request of any party, the portion of the deposition transcript

9   involving such information shall be designated "Confidential-Attorney Eyes

10   Only" pursuant to paragraph 7 above.  Witnesses shown information designated

11   "Confidential-Attorney Eyes Only" shall not be allowed to retain copies; and

12            (f)    any other persons as to whom the parties in writing agree.

13            14.    All Confidential Information used at a hearing or at trial shall

14   become public absent a separate order from the Court upon written motion and

15   sufficient cause shown.  If any party desires at a hearing or at trial to offer into

16   evidence Confidential Information, or to use Confidential Information in such a

17   way as to reveal its nature or contents, such offers or use shall be made only

18   upon the taking of all steps reasonably available to preserve the confidentiality

19   of such Confidential Information.  The party seeking to use the Confidential

20   Information must provide the party that produced such Confidential Information

21   sufficient time to request an order from the Court to limit the offer of such

22   Confidential Information.

23            15.    Any Confidential Information may be used in the course of any

24   deposition taken of the party producing such Confidential Information or its

25   employees without consent, or otherwise used in any deposition with the

26   consent of the party producing such Confidential Information, subject to the

27   condition that when such Confidential Information is so used, the party who

28   made the designation may notify the reporter that the portion of the deposition

-7-

in any way pertaining to such Confidential Information or any portion of the deposition relevant thereto is being taken pursuant to this Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such confidential information pursuant to the terms of this Order.

16. A receiving party who objects to the designation of any discovery response, document, or thing or testimony as "Confidential" or "Confidential-Attorneys Eyes Only" shall state the objection by letter to counsel for the producing party. If the objection cannot be resolved within five (5) days following receipt of the objection, the receiving party may move the Court to determine whether the discovery response, document, or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only." If the receiving party files such a motion, the discovery response, document, or thing or testimony at issue will continue to be entitled to the protections accorded by this Stipulated Protective Order until and unless the Court rules otherwise. If the receiving party files such a motion, the producing party shall bear the burden of establishing that the discovery response, document or thing, or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only." Nothing herein shall operate as an admission by any Party that any particular discovery response, document, or thing or testimony contains "Confidential" or "Confidential-Attorneys Eyes Only" Information for purposes of determining the merits of the claims in this litigation. A party shall not be obligated to challenge the propriety of the designation of any discovery response, document, or thing or testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge within a reasonable time. Further, a Party's failure to challenge a designation during pretrial discovery shall not preclude a

-8-

1  subsequent challenge of such designation at trial or in connection with the
2  submission of any discovery response, document, or thing or testimony to the
3  Court for any purpose.

4       17.   Notwithstanding anything contrary herein, if a party through
5  inadvertence or mistake produces discovery of any Confidential Information
6  without marking it with the legend "Confidential" or "Confidential-Attorneys
7  Eyes Only," or by designating it with an incorrect level of confidentiality, the
8  producing party may give written notice to the receiving party that the exhibit,
9  pleading, discovery response, document or thing, or testimony contains
10  Confidential Information and should be treated as such in accordance with the
11  provisions of this Protective Order.  Upon receipt of such notice, and upon
12  receipt of properly marked materials, the receiving party shall return said
13  unmarked or incorrectly marked materials and not retain copies thereof, and
14  must treat such exhibits, pleadings, discovery responses, documents or things, or
15  testimony as Confidential Information and shall cooperate in restoring the
16  confidentiality of such Confidential Information.   The inadvertent or
17  unintentional disclosure by a party of Confidential Information, regardless of
18  whether the information was so designated at the time of disclosure, shall not be
19  deemed a waiver in whole or in part of a party's claim of confidentiality either
20  as to the specific information disclosed or as to any other information relating
21  thereto or on the same or related subject matter, provided that the non-producing
22  party is notified and properly marked documents are supplied as provided
23  herein.  The receiving party shall not be responsible for the disclosure or other
24  distribution of belatedly designated Confidential Information as to such
25  disclosure or distribution that may occur before the receipt of such notification
26  of a claim of confidentiality and such disclosure or distribution shall not be
27  deemed to be a violation of this Protective Order.

28       18.   Documents and things produced or made available for inspection

-9-

1897830.2

1   may be subject to redaction, in good faith by the producing party, of sensitive
2   material that is subject to the attorney-client privilege or to work-product
3   immunity. Each such redaction, regardless of size, will be clearly labeled.  This
4   paragraph shall not be construed as a waiver of any party's right to seek
5   disclosure of redacted information.

6       19.    Neither the taking or the failure to take any action to enforce the
7   provisions of this Order, nor the failure to object to any designation or any such
8   action or omission, shall constitute a waiver of any signatory's right to seek and
9   obtain protection or relief, with respect to any claim or defense in this action or
10  any other action including, but not limited to, the claim or defense that any
11  information is or is not proprietary to any party, is or is not entitled to particular
12  protection or that such information embodies trade secret or other confidential
13  information of any party.  The procedures set forth herein shall not affect the
14  rights of the parties to object to discovery on grounds other than those related to
15  trade secrets or other confidential information claims, nor shall it relieve a party
16  of the necessity of proper responses to discovery requests.

17      20.    This Order shall not abrogate or diminish any contractual,
18  statutory, or other legal obligation or right of any party to this Order, as to any
19  third party, with respect to any Confidential Information.   The fact that
20  Information is designated "Confidential" or "Confidential-Attorney's Eyes
21  Only" under this Order shall not be deemed to be determinative of what a trier
22  of fact may determine to be confidential or proprietary.  This Order shall be
23  without prejudice to the right of any party to bring before the Court the question
24  of:

25          (a)    whether any particular information is or is not Confidential
26  Information;

27          (b)    whether any particular information is or is not entitled to a
28  greater or lesser degree of protection than provided hereunder; or

-10-

1897830.2

1         (c)     whether any particular information is or is not relevant to

2    any issue in this case; provided that in doing so the party complies with the

3    foregoing procedures.

4         21.     The terms of the Protective Order are applicable to Confidential

5    Information produced by a non-party.  Such non-party may designate material

6    produced by it in connection with this litigation as Confidential Information,

7    and such Confidential Information is protected by the remedies and relief

8    provided by the Protective Order.

9         22.     Within thirty (30) days following the conclusion of this litigation,

10   all information designated as Confidential Information, except such documents

11   or information which incorporate or are incorporated into attorney work product

12   (a single copy of which may be retained in counsel's file), shall, upon request,

13   be returned to the producing party, or disposed of pursuant to the instructions of

14   the producing party.

15        23.     The restrictions provided for above shall not terminate upon the

16   conclusion of this lawsuit, but shall continue until further order of this Court.

17   This Stipulated Protective Order is without prejudice to the right of a party

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

-11-

1   hereto to seek relief from the Court, upon good cause shown, from any of the

2   provisions or restrictions provided herein.

3   **SO ORDERED.**

4

5   Dated: _10/6/10_

6                                         _____
                                          Honorable Charles F. Eick
7                                         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -12-

1897830.2

1    **IT IS SO STIPULATED.**

2                                    Respectfully submitted,
3                                    KNOBBE, MARTENS, OLSON & BEAR, LLP

4

5    Dated: *Oct. 5, 2010*           By: *Matt Bellr*
6                                    John B. Sganga, Jr.
                                     Steven J. Nataupsky
7                                    Lynda J. Zadra-Symes
                                     Joseph S. Cianfrani
8                                    Matthew S. Bellinger

9                                    Attorneys for Plaintiff, HANSEN BEVERAGE
                                     COMPANY
10

11                                   JENNER & BLOCK LLP

12

13   Dated: *10-5-2010*              By:
14                                   Andrew J. Thomas
                                     Farnaz Alemi
15                                   Gianni P. Servodidio

16                                   Attorneys for Defendant, KO BEVERAGES LLC

17

18

19

20

21

22

23

24

25

26

27

28

-13-

1897830.2

# **CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in <u>Hansen Beverage Company d/b/a Monster Beverage Company v. KO Beverages LLC</u>, Case No. CV 10-3955 (MMM) (C.D. Cal.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes, or other transcriptions made from that information – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court of the Central District of California for the purpose of enforcing the Protective Order.

Dated:_____          _____

                                  Printed or Typed Name

                               _____

                                          Signature

9788954
100510

1897830.2

-14-